FREEMAN FISHER and another *v.* THOMAS B. VOSE.

The object of the act of Congress of the 19th August, 1841, establishing a uniform system of bankruptcy, was, while it released the debtor, to distribute the proceeds of his property as equitably as possible among his creditors, due regard being had to the nature of the different contracts and liens affecting it.

Where a party to a suit pending before a State court, applies to be declared a bankrupt under the act of Congress of 19th August, 1841, the proceedings must be suspended, for a reasonable time, to enable him to file the decree, when the assignee must be made a party. As soon as the decree in bankruptcy is pronounced, the bankrupt, in relation to all actions for and against him except such as the statute prescribes, is legally dead, and can only be represented by the assignee.

Where plaintiff in an action commenced by attachment, has obtained a judgment before defendant's application to be declared a bankrupt under the act of Congress of 1841, he will be entitled to a preference on the property attached. *Aliter,* where defendant's application was made before judgment. In the last case, no privilege is acquired.

APPEAL from the District Court of the First District, *Buchanan,* J.

*Winthrop,* for the plaintiffs.

*Halsey,* for the appellant.

GARLAND, J. This action was commenced by an attachment, founded on two bills of exchange, amounting to $1424 20. Two garnishees were cited on the 8th of February, 1842, the day of

instituting the suit. The plaintiffs and defendant are residents of Boston, in the State of Massachusetts. On the 14th of February, 1842, the defendant filed his petition in the District Court of the United States, sitting in Boston, praying to be declared a bankrupt; and, on the 18th of March, the counsel appointed to represent him, filed an exception, stating this fact, and concluded by pleading the surrender by the defendant of his property and his proceedings to be declared a bankrupt, as a bar to this suit, and asking for its dismissal. The fact of the proceedings in bankruptcy, was admitted at the trial. The court overruled the exception, and gave a judgment for the plaintiffs, from which the defendant has appealed.

The question is, whether the commencement of proceedings to obtain the benefit of the act of Congress, approved August 19th, 1841, establishing a general bankrupt system throughout the United States, operates as a bar to proceedings against the petitioner by attachment.

The Constitution of the United States authorized Congress, to pass uniform laws on the subject of bankruptcy. That power has been exercised, and the act mentioned is the result. The third section of the act, vests all the property of the bankrupt, by mere operation of law, in the assignee appointed by the court, with as ample a right as the bankrupt himself had or could have, and proceeds to say, that " all suits in law or in equity then pending, in which the bankrupt is a party, may be prosecuted and defended by such assignee to their final conclusion, in the same way, and with the same effect, as they might have been by such bankrupt." Other sections of the law point out the duties of the commissioners as to receiving evidence of the claims against the bankrupt, and of the assignee in disposing of the property and distributing its proceeds. They all go to show that the object of the law was, whilst it released the debtor, to distribute the proceeds of the property surrendered, as equitably and fairly as possible among the creditors, due regard being had to the nature of the different contracts and liens affecting it. This just and legal right would be entirely defeated, if it were permitted to the creditors of a bankrupt to pursue his debtors and their property, wherever they,

or it, may be, and obtain a preference by attaching and prosecuting suits, without notice to the assignee or any one interested.

As soon as the decree in bankruptcy is pronounced, the bankrupt, in relation to all actions for or against him, except such as the statute prescribes, is legally dead, and can only be represented by the assignee appointed by the court. It is, therefore, clearly the duty of a State court, as soon as it has legal information of the plaintiff or defendant in a suit, having filed a petition praying to be declared a bankrupt, to suspend any further proceedings in the case, until the assignee is legally made a party. The proceedings in a voluntary bankruptcy, in a considerable degree assimilate themselves to our *cessio bonorum* or voluntary surrender of property ; and although the act of Congress, unlike our law, does not provide for a cumulation of all actions to which the bankrupt is a party, in the court where the proceedings in bankruptcy may be commenced, still we must bear in mind the great object of the law, and not permit one creditor to get an undue preference over another.

This question, it is stated, has been before the Circuit Court of the United States in Massachusetts, and the reported observations of Judge Story, so fully meet our views, as to render it unnecessary to do more than repeat them.

" By the bankrupt act of 1841," says Judge Story, " the District Courts of the United States are possessed of the full jurisdiction of courts of equity over the whole subject matters which may arise in bankruptcy.

" By the common law, liens exist only in cases where the party entitled to them has the possession of the goods, either actual or constructive ; but in the maritime law they are recognized independently of possession, and so in equity jurisprudence. But a lien in equity is not a property in the thing itself, nor does it constitute a right of action for the thing.

" An attachment on mesne process does not come up to the exact definition or meaning of a lien, either in the general sense of the common law, or in that of the maritime law, or in that of equity jurisprudence. At most it is no more than a contingent, conditional security to satisfy the judgment of the creditor, if he ever obtains one.

" A foreign attachment, like a common attachment on mesne pro-

cess, is a remedy directly given and regulated by law to enable a creditor to obtain satisfaction of his debt, and, like every other remedy is liable to be defeated by any act that bars or takes away the remedy or right to judgment under it.

"In case of attachment of the property of a bankrupt, on mesne process, before the proceedings in bankruptcy are instituted, if he obtains a discharge before any judgment is rendered in such suit, such discharge is pleadable as a bar to that very suit, and will prevent the attaching creditor from completing his attachment by a judgment.

"By a decree of bankruptcy, all the property and rights of property of the bankrupt are divested out of him and vested in the assignee, as soon as one is appointed, and such decree relates back to the time of petition ; consequently, pending the proceedings in bankruptcy, before or after the decree, an attaching creditor will not be permitted to go on with his suit against the bankrupt, and proceed to trial and judgment, because there can be no party defendant properly before the court.

"If an attaching creditor, with a knowledge of the fact that the proceedings in bankruptcy have been instituted, should nevertheless proceed in his suit to get a judgment against the bankrupt before an assignee is appointed, it would be a fraud upon the law ; and if such creditor should obtain satisfaction of his judgment, it *seems* that he would not be allowed to hold the money.

"No attaching creditor, by a mere race of diligence, while the bankrupt proceedings are in progress, will be permitted to overreach and defeat the just rights of other creditors, or the right of the bankrupt, if entitled to a discharge, to plead the same in bar of a judgment in such suit. In such a case the court will enjoin a creditor from proceeding farther in his suit *than is necessary to* protect his ulterior rights, and will allow the writ and proceedings of the attaching creditor to be entered in the proper court, and to be continued, if the creditor elects so to do, until the discharge of the bankrupt is obtained ; but not to proceed in the mean time to trial or judgment. A., by a writ of attachment from the State court, attached the goods of B. ; soon afterwards B. petitioned for the benefit of the bankrupt act; and then, fearing that A. might proceed to get judgment, before he could be declared a bankrupt

Fisher and another v. Vose.

and obtain a certificate of discharge, and levy his execution upon the goods attached, B. applied to the District Court for an order to stay further proceedings by A. in the suit, and for other relief.

"It was held that the District Court had authority to control the proceedings of A. in the suit; that A. might be permitted to enter his action, and continue it; but that he had no right during the proceedings in bankruptcy, to proceed to a trial and judgment in the suit."

The counsel for the plaintiffs insists upon their right to proceed with the case, because, he alleges, they have obtained a lien or preference, which entitles them to be paid out of the funds attached. There might be some force in this argument, if the defendant had not become insolvent before the judgment; but that fact materially changes the case. Had the plaintiffs gone on, in the ordinary mode, and obtained a judgment against the defendant, they would have been entitled to a preference in being paid by the garnishee, as they would have had a judgment against him; but as no such judgment was obtained, and the debtor has become insolvent, it has been long settled by this court that no privilege is created. 12 Mart. 32.

It is further said, it may turn out that the application of the defendant to become a bankrupt will be rejected, and that it would be highly injurious to the plaintiffs to have their action dismissed, or their proceedings arrested. This may be true; and as there is no evidence, in this case, that a decree in bankruptcy has ever been rendered, we think the proceedings should only have been suspended, for a reasonable time, to enable the party to file the decree, when it would be the duty of the plaintiffs to make the assignee a party, upon whose appearance the legal rights of the parties might be settled.

We cannot imagine any step likely to produce more confusion, than permitting a course like the present to be pursued. The creditors and debtor both reside in the same city. The former finding the latter on the eve of bankruptcy, despatch the evidence of their debt to a distant state, where the debtor has property; sue out an attachment, and claim an exemption from the proceedings in bankruptcy, which are pending at their own door. The bankrupt law would be any thing but uniform, if such proceedings were tolerated.

We think the District Judge erred in not sustaining the defendant's exception, in part ; and in proceeding to give judgment in favor of the plaintiffs.

The judgment of the District Court, is, therefore, reversed, and the cause remanded, with directions to the judge to suspend proceedings in it, until the decree in bankruptcy, if one has or shall be obtained, be filed ; and upon the production of it, and on the assignee being made a party ; to proceed according to law and the principles herein expressed ; the appellees paying the costs of this appeal.